UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SHATEE DENMARK,

                              Plaintiff,

              -against-

P.O. VARYA aka P.O. Elvin Vargas, SHIELD NO. 4453, P.O. IACAMPO aka Lt. DANIEL IECAMPO, P.O. MOORE aka DWAINE MOORE, SHIELD NO. 08889,

                              Defendants.
------------------------------------------------------------------ x

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

16-CV-7103 (NGG)(RML)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Shatee Denmark ("plaintiff" or "Mr. Denmark") is a resident of Kings County in the City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant herein, defendants P.O. Varya aka Elvin Vargas, Shield No. 4453, P.O. Icampo aka Lt. Daniel Iecampo, P.O. Moore aka Police Officer Daniel Moore, Shield No. 08889 are sued in their individual capacities.

9. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

10. On or about April 16, 2014, Mr. Denmark was apprehended by police officers.

11. He was ultimately taken to Kings County Criminal Court for arraignment.

12. Prior to seeing the judge, plaintiff was taken by to the holding cell at the

back of the courtroom.

13. Mr. Denmark was responsible for caring for his mother, and was distraught at leaving her home alone while he was awaiting release. While in the cell, he lost his composure and cried loudly.

14. Defendants entered the cell and began to beat Mr. Denmark. They punched him in the face, chest, and stomach.

15. The officers shackled Mr. Denmark's ankles and lifted him into the air by the shackles, causing him to fall on his elbows, forearms, hands, and face.

16. Mr. Denmark lost consciousness and woke in a pool of his own blood.

17. He was taken to Kings County Hospital, where he was given dressings for his eyes, an ice pack for his head and neck, as well as a neck brace. He was also given a hard cast for the pinky finger of his right hand.

18. He was ultimately taken to Rikers Island, where he remained for 10 days.

19. Mr. Denmark had to have physical therapy twice a week for several weeks as a result of his injuries.

## FIRST CLAIM
### 42 U.S.C. § 1983

20. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

21. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

22. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Unreasonable Force**

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on him.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   October 3, 2018
         New York, New York


　　　　　　　　　　　　　　　　　　　　/s
Robert Marinelli
Wright & Marinelli LLP
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*